# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIUMARRA,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:13-cv-01690-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF Nos. 19, 20) |

Petitioner Roger D. Drake ("Counsel"), attorney for Plaintiff John Giumarra ("Plaintiff"), filed the instant motion for attorney fees on October 13, 2015. Counsel requests fees in the amount of $5,460.00 pursuant to 42 U.S.C. § 406(b)(1). Plaintiff has not objected to the request. On October 20, 2015, Defendant Social Security Commissioner, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion providing an analysis of the fee request.

## I.

## BACKGROUND

Plaintiff filed the instant complaint challenging the denial of social security benefits on October 19, 2013. (ECF No. 1.) On June 26, 2014 the parties filed a stipulation for voluntary remand pursuant to sentence four of 42 U.S.C. 405(g). (ECF No. 14.) The Court entered judgment in the Commissioner's favor on June 30, 2014. (ECF No. 16.)

On August 28, 2014, the parties filed a stipulation for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). On January 18, 2015, an order issued awarding Plaintiff attorney fees of $1,900.00. (ECF No. 18.)

On remand, the ALJ found that Plaintiff was disabled as of October 1, 2011, and past benefits were awarded in the amount of 45,840.00. (ECF No. 19-1 at 4, 6.) The Commissioner withheld $11,460.00 from the past-due benefit for attorney fees. This amount equals 25 percent of the retroactive benefit award. (Id. at 6.) Petitioner's firm was paid $6,000.00 of this award for representation of Plaintiff at the administrative level, leaving $5,460.00 for attorney fees for representation in the court proceedings. (Id. at 6-7.)

In the instant motion, Petitioner seeks $5,460.00 for 11.4 hours spent working on Plaintiff's case. (ECF No. 19-3.)

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the

character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. 28 U.S.C. § 2412. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

### III.

### DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 122 S.Ct. at 1828. Here, the fee agreement between Plaintiff and Petitioner provides for a fee consisting of "25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before" the Social Security Administration or the Court. (Social Security Representation Agreement, attached to Motion, ECF No. 19-2.) Plaintiff has been awarded benefits from March 2012 through July 2015 in the amount of $45,840.00. (ECF No. 19-1 at 6.) In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

### A.  Reasonableness of Fee Request Under Gisbrecht

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff early in the litigation. Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner is seeking $5,460.00. Petitioner has previously been paid $6,000.00 for representing Plaintiff before the Social Security Administration. The total fee paid to Petitioner ($6,000.00 plus $5,460.00 which equals $11,460.00) would represent 25 percent of the past due award.

1    The $11,460.00 fee is not excessively large in relation to the past-due award of
2    $45,840.00. In making this determination, the Court recognizes the contingent nature of this case
3    and Counsel's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d
4    1033, 1037 (N.D. Cal. 2003).

5    **B.    LodeStar Cross Check for Reasonableness**

6    In order to determine whether the fee requested in this action is reasonable, the Court shall
7    also consider the lode star calculation. Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009)
8    (the district court can consider the lodestar calculation, but only as an aid in assessing the
9    reasonableness of the fee). The Ninth Circuit utilizes the "lodestar" approach for assessing
10   reasonable attorneys' fees, where the number of hours reasonably expended is multiplied by a
11   reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013);
12   Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008).

13       1.    Reasonable Hours

14   Initially, the Court shall review the billing records to determine if the time that Petitioner
15   billed in this action is reasonable. Although Grisbrecht did not specifically address that the hours
16   billed must be reasonably spent on the action, any other interpretation would undermine the
17   reasonableness check. See Statler v. Astrue, No. CV 05-01213 AN, 2009 WL 195955, at *5
18   (C.D. Cal. Jan. 26, 2009) (considering reasonableness of hours billed in determining similar fee
19   request).

20   In reviewing the itemized record of the time spent working on this action, the Court finds
21   that several of the entries record excessive amounts of time for the service provided. On October
22   19, 2013, Petitioner spent .4 hours or 18 minutes preparing the civil cover sheet which is a one
23   page check box form which generally just required filing in the names of the parties and
24   Petitioner's contact information. (ECF No. 1-1.) The Court finds that .1 hours would be a
25   reasonable amount of time to have completed this generic form that is filed in all cases.

26   On December 6, 2013, Petitioner recorded .4 hours to prepare and file the consent form,
27   which similarly is a single page generic form which is filed in all cases and to which counsel
28   affixed his signature. (ECF No. 4-2; see also Consent to Proceed Before a United States

4

Magistrate Judge filed in <u>Gallardo v. Michael J. Astrue</u>, No. 1:12-cv-01706-SKO (E.D. Cal. December 19, 2012) (in which Petitioner filed an identical form).) The Court finds that .1 hours would be a reasonable amount of time to bill for this task.

On December 17, 2013, Petitioner billed for .3 hours to prepare and file the proof of service. (ECF No. 1-1) However, this is another form document that would be filed in all Social Security cases and would only requiring minor edits to be filed herein. The Court finds that .1 hours would be a reasonable amount of time to bill for the minor edits and filing of this document.

On April 30, 2014, Petitioner recorded .9 hours for legal research regarding the duties of the ALJ to weigh medical opinions. (<u>Id.</u>) This appears an unreasonable amount of time for an attorney with twelve years of experience who has represented over 150 clients in Social Security appeals and nearly 1,000 administrative hearings to research an issue that is present in virtually every Social Security case. (ECF No. 19 at ¶¶ 6, 7.) The Court finds that .4 hours would be a reasonable amount of time to research any current changes in the standards regarding the ALJ's duty to weigh medical opinions.

On June 30, 2014, Petitioner billed for .3 hours to review the order remanding this action and judgment issued in this action. (ECF No. 1-1.) The remand order was simply the stipulation prepared by the parties which Petitioner had previously billed for reviewing on two separate occasions and the judgment is merely a one page standard order issued in all dismissals. The Court finds that .1 hours would be a reasonable amount of time to have reviewed both of these documents.

The Court finds that making these deductions, Petitioner reasonably expended 9.9 hours on this action.

    2.    <u>Reasonable Hourly Rate</u>

When considering the total amount requested by Petitioner for representing Plaintiff in federal court, the fee request translates to approximately $551.00 per hour for the time Petitioner expended in this action. In <u>Crawford</u> the appellate court found that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was not excessive. <u>Crawford</u>, 586 F.3d at 1152

5

(dissenting opinion). The Court finds that this is a reasonable hourly rate taking into consideration that the case was taken on a contingency basis and Petitioner's risk that he would not be compensated for the time expended in this action.

### C. Conclusion

The Court finds that the requested fees are reasonable when compared to the amount of work Counsel performed in representing Plaintiff in court. Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and benefits were awarded. Counsel also submitted a detailed billing statement which supports the request.

Fee awards may be made under both section 406(b) and EAJA, but the claimant's attorney must generally refund to the claimant the amount of the smaller fee. Gisbrecht, 535 U.S. at 796. Therefore, Petitioner shall refund to Plaintiff the amount of the EAJA fee that was previously awarded.

## VI.

## ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $5,460.00 is GRANTED; and
2. Petitioner's award shall be offset by $1,900.00 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d)..

IT IS SO ORDERED.

Dated: **October 30, 2015**

UNITED STATES MAGISTRATE JUDGE